Daniel P. Struck, Bar #012377
Rachel Love, Bar #019881
JONES, SKELTON & HOCHULI, P.L.C.
2901 North Central Avenue, Suite 800
Phoenix, Arizona 85012
Telephone: (602) 263-1700
Fax: (602) 200-7811
dstruck@jshfirm.com
rlove@jshfirm.com

Attorneys for Defendants *Ben Griego, Todd Thomas, Frank Garcia*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DeMont R.D. Conner, | NO. 2:08-cv-01795 JWS |
| Plaintiff, | **DEFENDANTS BEN GRIEGO, TODD THOMAS AND FRANK GARCIA'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| Ben Griego, Assistant Warden; Todd Thomas, Warden; Frank Garcia, Unit Manager; Corrections Corporation of America Frank , | |
| Defendants. | |

## ANSWER

Defendants, Ben Griego, Todd Thomas and Frank Garcia, through counsel, for their Answer to Plaintiff's Complaint, admit, deny, and allege as follows.

1.      These Answering Defendants deny each and every allegation of Plaintiff's Complaint and each claim for relief which is not expressly admitted or otherwise pled to.

### A. JURISDICTION

2.      In answering the allegations of Paragraph 1, these answering Defendants admit this Court has jurisdiction.

3.      In answering the allegations of Paragraph 2, these answering Defendants admit only that Plaintiff was housed at Corrections Corporation of America's ("CCA")

2018401.1

1  Saguaro Correctional Center ("SCC") at all times relevant to this lawsuit. These

2  answering Defendants deny the remaining allegations contained in Paragraph 2.

3  **B. DEFENDANTS**

4  4.  In answering the allegations of Paragraph 1, these answering Defendants

5  admit only that Ben Griego is the Assistant Warden at SCC.

6  5.  In answering the allegations of Paragraph 2, these answering Defendants

7  admit only that Todd Thomas is the Warden at SCC.

8  6.  In answering the allegations of Paragraph 3, these answering Defendants

9  admit only that Frank Garcia was the Unit Manager of segregation at SCC at various

10  times during which Plaintiff was assigned thereto .

11  7.  In answering the allegations of Paragraph 4, these answering Defendants

12  admit only that Corrections Corporation of America ("CCA") is a private corporation

13  incorporated in the State of Maryland with its principle place of business in Nashville,

14  Tennessee. CCA owns and operates SCC. These answering Defendants deny that

15  Corrections Corporation is a Defendant in this matter[1].

16  **C. PREVIOUS LAWSUITS**

17  8.  In answering the allegations of Paragraphs 1 and 2, these answering

18  Defendants are without sufficient information to form a belief as to the truth of the

19  allegations set forth in those paragraphs and, therefore, deny same. These answering

20  Defendants affirmatively deny that any alleged conduct of these answering Defendants

21  negatively influenced the outcome of Plaintiff's other lawsuits in any way.

22  **D. CAUSE OF ACTION**

23  **COUNT # I**

24  9.  In answering the allegations of Paragraph 1, these answering Defendants

25  deny that they violated Plaintiff's First Amendment Rights. The remaining allegations are

26  conclusions of law to which no response is required and none is given. To the extent that a

27  ─────────────

[1] This Court dismissed CCA on December 8, 2008. *See* Order dated December 8,
28  2008 [ECF 12].

1   response is required, these answering Defendants deny the same. Defendants affirmatively

2   deny that they violated Plaintiff's First Amendment rights to redress grievances; access to

3   Courts; and to access to legal records, law library, legal call, legal supplies and outgoing

4   mail. Defendants also affirmatively deny that any alleged impediment to Plaintiff's access

5   to Courts has resulted in actual injury to Plaintiff.

6          10.    In answering the allegations of Paragraph 2, the allegations contained

7   therein are conclusions of law to which no response is required and none is given. To the

8   extent that a response is required, these answering Defendants deny the same.

9          11.    In answering the allegations of Paragraph 3, these answering Defendants

10   respond as follows:

11                (1)    These answering Defendants admit that Plaintiff is a Hawaiian

12   inmate who was transferred to SCC, a CCA facility, on or about December 13, 2007

13   pursuant to a contract between the State of Hawaii and CCA.

14                (2)    These answering Defendants deny the allegations contained in Count

15   I, Paragraph 3, Section 2.

16                (3)    These answering Defendants deny the allegations contained in Count

17   I, Paragraph 3, Section 3.

18                (4)    These answering Defendants are without sufficient information to

19   form a belief as to the truth of the allegations contained in Count I, Paragraph 3, Section 4,

20   and therefore, deny same.

21                (5)    These answering Defendants are without sufficient information to

22   form a belief as to the truth of the allegations contained in Count I, Paragraph 3, Section 5,

23   and therefore, deny same.

24                (6)    These answering Defendants are without sufficient information to

25   form a belief as to the truth of the allegations contained in Count I, Paragraph 3, Section 6,

26   and therefore, deny same.

27

28

(7)     These answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Count I, Paragraph 3, Section 7, and therefore, deny same.

(8)     These answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Count I, Paragraph 3, Section 8, and therefore, deny same.

(9)     These answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Count I, Paragraph 3, Section 9, and therefore, deny same.

(10)    These answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Count I, Paragraph 3, Section 10, and therefore, deny same.

(11)    These answering Defendants admit only that Plaintiff submitted a Request for Service to Ms. Stewart on January 31, 2008 and that Ms. Stewart responded to said Request on February 4, 2008. These answering Defendants deny that Defendant Griego hindered Plaintiff's access to the Courts or threatened Plaintiff with segregation in retaliation for filing grievances. As to the remaining allegations contained in Count I, Paragraph 3, Section 11, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained therein, and therefore, deny same.

(12)    These answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Count I, Paragraph 3, Section 12, and therefore, deny same.

(13)    These answering Defendants deny that Ms. Stewart hindered Plaintiff's access to the Courts. As to the remaining allegations in Count I, Paragraph 3, Section 13, these answering Defendants are without sufficient information to form a belief as to the truth of the allegations contained therein, and therefore, deny same.

1        (14)    These answering Defendants are without sufficient information to
2    form a belief as to the truth of the allegations contained in Count I, Paragraph 3,
3    Section 14, and therefore, deny same.

4        (15)    These answering Defendants are without sufficient information to
5    form a belief as to the truth of the allegations contained in Count I, Paragraph 3,
6    Section 15, and therefore, deny same.

7        (16)    These answering Defendants are without sufficient information to
8    form a belief as to the truth of the allegations contained in Count I, Paragraph 3,
9    Section 16, and therefore, deny same.

10        (17)    These answering Defendants are without sufficient information to
11    form a belief as to the truth of the allegations contained in Count I, Paragraph 3,
12    Section 17, and therefore, deny same. Defendants affirmatively allege that Plaintiff is
13    provided the opportunity to go to the law library for three hours each week, with the
14    opportunity to petition for an additional three hours of library time. Plaintiff has not made
15    any request for additional library time. Plaintiff is provided to e same access to the law
16    library and materials as all other segregation inmates.

17        (18)    These answering Defendants admit only that Plaintiff submitted an
18    Inmate Request Form dated February 26, 2008 to Mr. Valenzuela *via* Corrections
19    Counselor Ms. Wilson regarding grievance procedures. As to the remaining allegations in
20    Count I, Paragraph 3, Section 18, these answering Defendants are without sufficient
21    information to form a belief as to the truth of the allegations contained therein, and
22    therefore, deny same.

23        (19)    These answering Defendants deny that any CCA employee
24    threatened retaliation or retaliated against Plaintiff for filing grievances. As to the
25    remaining allegations in Count I, Paragraph 3, Section 19, these answering Defendants are
26    without sufficient information to form a belief as to the truth of the allegations contained
27    therein, and therefore, deny same.

28

1          (20)   These answering Defendants are without sufficient information to

2   form a belief as to the truth of the allegations contained in Count I, Paragraph 3,

3   Section 20, and therefore, deny same.

4          (21)   These answering Defendants admit only that on February 28, 2008,

5   Juan Valenzuela responded to Plaintiff's February 26, 2008 Inmate Request Form

6   regarding grievance procedures. As to the remaining allegations contained in Count I,

7   Paragraph 3, Section 21, these answering Defendants deny same.

8          (22)   These answering Defendants admit only that on March 19, 2008,

9   Defendant Griego completed a Disciplinary Report on Plaintiff for his failure to follow

10  CCA inmate rules and regulations. Defendants further admit that after a hearing, Plaintiff

11  was found guilty and placed in segregation.

12         These answering Defendants further admit that on April 22, 2008, Plaintiff

13  intentionally broke the sprinkler head in his segregation cell causing it to flood. Plaintiff

14  was temporarily removed from his cell so that it could be cleaned. Upon retrieving

15  Plaintiff to put him back into his cell, Plaintiff refused to comply with CCA officers'

16  requests to submit to hand restraints and appropriate force was used to engender

17  compliance.

18         These answering Defendants affirmatively assert that although disciplinary

19  segregation removes various privileges which are available to general population inmates,

20  SCC segregation policies specifically protect a segregation inmate's right of legal access

21  to courts and permits them to proceed with any pending or future legal cases. These

22  answering Defendants affirmatively assert that the Plaintiff was provided access to both

23  the law library and legal supplies in order to draft the necessary pleadings for his pending

24  cases.

25         These answering Defendants deny that Plaintiff was not given access to the

26  law library and the legal materials in order for him to draft the necessary pleadings for his

27  pending cases. These answering Defendants further deny that the temperature in his cell

28  was such that he suffered any adverse affects therefrom. These answering Defendants

1   further deny that Plaintiff was the subject of any retaliation from any of these answering

2   Defendants or any CCA employee. These answering Defendants further deny that

3   Plaintiff's First Amendment constitutional rights were violated in manner.

4          These answering Defendants are without sufficient information to form a

5   truth as to the remaining allegations of Count I, Paragraph 3, Section 22, and therefore,

6   deny same.

7          12.    In answering the allegations of Paragraph 4, these answering Defendants

8   deny the allegations contained therein.

9          13.    In answering the allegations of Paragraph 5, these answering Defendants

10  deny that Plaintiff exhausted all available administrative remedies as to all of his claims

11  and, as such, Plaintiff is barred from suit pursuant to the Prison Litigation Reform Act.

12                                    **COUNT II**

13         14.    In answering the allegations of Paragraph 1, these answering Defendants

14  deny that they violated Plaintiff's First or Eighth Amendment rights. The remaining

15  allegations of Paragraph 1 are conclusions of law to which no response is required. To the

16  extent that a response is required, these answering Defendants deny same. Defendants

17  affirmatively allege that they did not place Plaintiff in segregation for retaliatory reasons,

18  did not deny Plaintiff access to legal materials, and did not subject Plaintiff to conditions

19  of confinement that would violate the Eighth Amendment.

20         15.    In answering the allegations of Paragraph 2, the allegations contained

21  therein are conclusions of law to which no response is required, and none is given. To the

22  extent a response is required, these answering Defendants deny same.

23         16.    In answering the allegations of Paragraph 3, these answering Defendants

24  respond as follows:

25         (1)    These answering Defendants admit only that on March 19, 2008,

26  Defendant Griego completed a Disciplinary Report on Plaintiff due to his failure to follow

27  CCA inmate rules and regulations. These answering Defendants deny the remaining

28  allegations contained in Count II, Paragraph 3, Section 1.

(2)     These answering Defendants admit only that on March 19, 2008, Defendant Griego completed a Disciplinary Report on Plaintiff for his failure to follow CCA inmate rules and regulations. Defendants further admit that after a hearing, Plaintiff was found guilty and placed in segregation. These answering Defendants further admit that on April 22, 2008, Plaintiff intentionally broke the sprinkler head in his segregation cell causing it to flood. Plaintiff was temporarily removed from his cell so that it could be cleaned. Upon retrieving Plaintiff to put him back into his cell, Plaintiff refused to comply with CCA officers' requests to submit to hand restraints and appropriate force was used to engender compliance. These answering Defendants affirmatively assert that although disciplinary segregation removes various privileges which are available to general population inmates, SCC segregation policies specifically protect a segregation inmate's right of legal access to courts and permits them to proceed with any pending or future legal cases. These answering Defendants also affirmatively assert that the Plaintiff was provided access to both the law library and legal supplies in order to draft the necessary pleadings for his pending cases.

These answering Defendants deny that Plaintiff was not given access to the law library and the legal materials in order for him to draft the necessary pleadings for his pending cases. These answering Defendants further deny that the temperature in his cell was such that he suffered any adverse affects therefrom. These answering Defendants further deny that Plaintiff was the subject of any retaliation from any of these answering Defendants or any CCA employee. These answering Defendants further deny that Plaintiff's constitutional rights were violated in manner.

Defendants affirmatively assert that they did not engage in retaliation against Plaintiff nor violate any of Plaintiff's constitutional rights or prevent him access to the Courts. Defendant deny the remaining allegations set forth in Paragraph 3, Section 2.

17.     In answering the allegations of Paragraph 4, these answering Defendants deny same.

18.     In answering the allegations of Paragraph 5, these answering Defendants deny that Plaintiff exhausted all available administrative remedies as to all of his claims and, as such, Plaintiff is barred from suit pursuant to the Prison Litigation Reform Act.

## COUNT III

19.     In answering the allegations of Paragraph 1, these answering Defendants deny that they violated Plaintiff's Constitutional rights. The remaining allegations of Paragraph 1 are conclusion of law to which no response is required and none is given. To the extent that a response is required, these answering Defendants deny same. Defendants affirmatively allege that Defendants did not conspire to retaliate against Plaintiff for the exercise of the inmate's First Amendment rights.

20.     In answering the allegations of Paragraph 2, these allegations are conclusions of law to which no response is required. To the extent that a response is required, these answering Defendants deny same.

21.     In answering the allegations of Paragraph 3, these answering Defendants deny the allegations contained therein.

22.     In answering the allegations of Paragraph 4, these answering Defendants deny the allegations contained therein.

23.     In answering the allegations of Paragraph 5, these answering Defendants deny the allegations contained therein and, as such, Plaintiff is barred from suit pursuant to the Prison Litigation Reform Act.

## E. REQUEST FOR RELIEF

24.     In answering the allegations of Paragraph 1, these answering Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

25.     As a separate defense, or in the alternative, Defendants allege that Plaintiff has failed to state a claim upon which relief can be granted.

26.     As a separate defense, or in the alternative, Defendants allege that Plaintiff failed to exhaust administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), prior to filing suit, thereby warranting dismissal of this case.

27.     As a separate defense, or in the alternative, Defendants allege that Plaintiff did not suffer any actual injury as a result of any actions by these Defendants, thereby warranting dismissal of this lawsuit.

28.     As a separate defense, or in the alternative, Defendants allege that Plaintiff has suffered no actual injury as to his claims of denial of access to Courts in that Plaintiff has not suffered a dismissal of a non-frivolous lawsuit challenging the conditions of confinement or collaterally attacking his sentence of imprisonment, thereby warranting dismissal of Plaintiff's First Amendment claims.

29.     As a separate defense, or in the alternative, Defendants allege that they were acting under legal process, with good, sufficient, and probable cause to be so acting, and that the actions of Defendants were in good faith and without malice.

30.     As a separate defense, or in the alternative, Defendants allege that Plaintiff has failed to set forth the requisite showing of subjective intent necessary to sustain a cause of action alleging a Constitutional violation, thereby warranting dismissal of this lawsuit.

31.     As a separate defense, or in the alternative, Defendants allege that Plaintiff's efforts to pursue his legal claims were not hindered in any aspect by any conduct on the part of these answering Defendants.

32.     As a separate defense, or in the alternative, Defendants allege that Plaintiff has failed to set forth a grave deprivation in regard to his allegation that a Constitutional violation has occurred, thereby warranting dismissal of this lawsuit.

33.     As a separate defense, or in the alternative, Defendants allege that they were acting in good faith at all times, without malice, and without the requisite state of mind necessary for Plaintiff to prevail on a claim of deliberate indifference.

34.     As a separate defense, or in the alternative, Defendants allege that their actions were objectively reasonable under the circumstances then existing.

35.     As a separate defense, or in the alternative, Defendants allege that they did not violate Plaintiff's First or Eighth Amendment Rights.

36.     As a separate defense, or in the alternative, Defendants allege that Plaintiff has no constitutional right to an inmate grievance procedure.

37.     As a separate dense, or in the alternative, Defendants allege that they took no action that was predicated upon retaliatory motive.

38.     As a separate defense, or in the alternative, Defendants allege that all conduct for which Plaintiff complains was based upon legitimate penological purpose and not the product of discriminatory or retaliatory motive.

39.     As a separate defense, or in the alternative, Defendants allege that its placement of Plaintiff in disciplinary segregation did not violate Plaintiff's Eighth Amendment Right as such placement was reasonably related to a legitimate government objective, to wit, the safety and security of SCC facility, SCC inmates and SCC employees. *See Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861 (1979).

40.     As a separate defense, or in the alternative, Defendants allege that Plaintiff's placement into disciplinary segregation did not deprive him of the minimal civilized measure of life's necessities as required under the Eighth Amendment. *See Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392 (1981).

41.     As a separate defense, or in the alternative, Defendants allege that its placement of Plaintiff into disciplinary segregation was not in retaliation for any protected conduct engaged in by Plaintiff, but rather was narrowly tailored to advance a legitimate penological goal, to wit, the safety and security of SCC facility, SCC inmates and SCC employees. *See Rhodes v. Robinson*, 408 F.3d. 559 (9th Cir. 2005).

42.     As a separate defense, or in the alternative, Defendants allege that any force against Plaintiff while in disciplinary segregation was not in retaliation for any protected conduct engaged in by Plaintiff, but rather was narrowly tailored to advance a legitimate

penological goal, to wit, the safety and security of SCC facility, SCC inmates and SCC employees. *See Rhodes v. Robinson*, 408 F.3d. 559 (9th Cir. 2005).

43.     As a separate defense, or in the alternative, Defendants allege that it did not take any adverse action against Plaintiff because of any grievance he allegedly filed or as a result of any protected conduct undertaken by Plaintiff.

44.     As a separate defense, or in the alternative, Defendants allege that all actions toward Plaintiff, at all material times, were necessitated in order to further the legitimate goal of ensuring the safety and security of the SCC facility, staff and other inmates and was not based on an agreement or a "meeting of the minds" such as to deprive Defendant of his rights under the constitution pursuant to *Woodrum v. Woodward County*, 866 F.2d, 1121 (9th Cir. 1989).

45.      As a separate defense, or in the alternative, Defendants allege that they acted at all times under close supervision of the State of Hawaii and as such, are entitled to qualified immunity from suit.

46.     As a separate defense, or in the alternative, Defendants allege that they did not engage in a promise, plan, or meeting of the minds to violate Plaintiff's constitutional rights. Defendants also allege that Defendants did not engage in any acts in furtherance of a conspiracy and that Plaintiff did not suffer any alleged harm as a result.

47.     As a separate defense, or in the alternative, Defendants allege that Plaintiff is not a member of a protected class by which these Defendants discriminated against Plaintiff, or otherwise treated him differently from other inmates, due to membership in a protected class of persons.

48.     As a separate defense, or in the alternative, Defendants allege that Plaintiff has suffered no actual injury, thereby eliminating any damages alleged to be owed by these Defendants.

49.     As a separate defense, or in the alternative, Defendants allege that Plaintiff assumed the risk of his alleged injuries, thereby eliminating or reducing any damages alleged to be owed by these Defendants pursuant to the doctrine of assumption of the risk.

50.    As a separate defense, or in the alternative, Defendants allege that Plaintiff was contributorily or comparatively at fault, thereby eliminating or reducing any damages alleged to be owed by these Defendants pursuant to the doctrine of contributory/comparative fault.

51.    As a separate defense, or in the alternative, these Defendants allege that there existed no conduct that is motivated by an evil motive or intent, nor did any conduct involve reckless or callous indifference to the rights of Plaintiff, thereby precluding Plaintiff from recovery of punitive damages.

52.    As a separate defense, or in the alternative, these Defendants allege that they did not personally participate in, direct, or condone the conduct complained of and therefore cannot be found liable for supervisory liability.

53.    As a separate defense, or in the alternative, these Defendants allege that Plaintiff cannot causally connect Defendants to the conduct complained of and show actual injury as a result, thereby precluding Plaintiff's constitutional claims.

54.    Although Defendants do not presently have facts in support of the following defenses, Defendants wish to assert the following defenses should subsequent discovery reveal these defenses are appropriate. Specifically, the following affirmative defenses set forth in Rule 8(c) and 12(b), FED.R.CIV.P., including but not limited to arbitration and award, assumption of risk, contributory negligence, duress, estoppel, fraud, illegality, laches, release, *res judicata*, statute of frauds, waiver, insufficiency of process and insufficiency or service of process.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants request that they be dismissed, and that Defendants be awarded their costs and attorneys' fees pursuant to 42 U.S.C. § 1988, and for such other and further relief as this Court deems just and proper.

Defendants demand a trial by jury as to all claims asserted by Plaintiff.

1          DATED this 17th day of February, 2009.

2                                           JONES, SKELTON & HOCHULI, P.L.C.

3

4                                           By  s/ Rachel Love
                                                Daniel P. Struck
5                                               Rachel Love
                                                2901 North Central Avenue, Suite 800
6                                               Phoenix, Arizona 85012
                                                Attorneys for Defendants *Ben Griego,*
7                                               *Todd Thomas, Frank Garcia*

8
ORIGINAL electronically filed
9    this 17th day of February 2009.

10   COPY mailed this 17th day of February 2009, to:

11   DeMont R. D. Conner, #A0150521
     Saguaro Correctional Center
12   1250 E. Arica Road
     Eloy, Arizona 85232
13   Plaintiff Pro Se

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2018401.1                                    14