UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

DEMONT R.D. CONNER,

       Plaintiff,

     vs.

BENJAMIN GRIEGO, *et al.*,

       Defendants.

2:08-cv-01795 JWS

ORDER AND OPINION

[Re: Order at Docket 143 ]

## I.  MATTER PRESENTED

At docket 138, defendants Ben Griego and Frank Garcia ("defendants") move to dismiss the case for failure to prosecute and for failure to comply with pretrial deadlines. At docket 143, the court ordered *pro se* plaintiff DeMont R.D. Conner ("Mr. Conner" or "plaintiff") to show cause why his remaining claims should not be dismissed for failure to file a witness list.  In that order, the court also directed plaintiff to respond to defendants' motion to dismiss.  At docket 144, Mr. Conner responds to defendants' motion.

-1-

## II.  DISCUSSION

In the order at docket 118, the court ordered the parties to submit final, revised witness lists by February 13, 2012.[1]  The court directed the parties to read the order in its entirety.  On page 3 of the order, the court stated that "[t]his final witness list will disclose those witnesses whom the party will in fact call at trial."[2]  The court went on to emphasize that "[o]*nly those witnesses so listed will be permitted to testify at trial.*"[3]

On February 13, 2012, defendants timely filed a final, revised witness list. Mr. Conner still has not filed a witness list.  In the order at docket 143, the court noted the requirements of the final pretrial order, and specifically, the requirement that each party file a final witness list.  Pursuant to the order at docket 118, the court warned again that Mr. Conner's failure to file a witness list would "leave[] him without the ability to call any witness in support of his case."[4]  Consequently, the court ordered Mr. Conner to show cause why his claims should not be dismissed.

In his response to defendants' motion to dismiss, Mr. Conner maintains that the court "continues to carry the banner for the Defendants, by threatening Plaintiff with dismissal."[5]  Regardless of whether Mr. Conner perceived the order at docket 143 as a threat, the fact is that without testifying witnesses, Mr. Conner will be unable to make a case.  That fact is not altered by Mr. Conner's stipulation "to all . . . evidence and [the] witness list that the Defendants have offered."[6]  Contrary to Mr. Conner's contention that

---

[1]Doc. 118 at 1, 3.

[2]*Id.* at 3.

[3]*Id.* (emphasis added).

[4]Doc. 143 at 2.

[5]Doc. 144 at 2.

[6]*Id.* at 4.

1   "adherence to th[e] court's order would be frivolous and a waste of time,"[7] compliance

2   with the order would have allowed plaintiff to call witnesses in support of his case.  The

3   court made that abundantly clear.

4        Nonetheless, Mr. Conner elected to disregard another court order and did not

5   attempt to show cause why his case should not be dismissed for failing to file a witness

6   list.  Mr. Conner's failure to respond to the court's order or file a witness list renders his

7   argument that "[d]efendants continue to seek a one-sided trial, one in which only their

8   story gets told," especially strange.

9        Mr. Conner emphasizes his *pro se* status.  While his decision to proceed without

10  a lawyer obligates the court to "construe [his] pleadings liberally and to afford [him] the

11  benefit of the doubt,"[8] apart from liberal construction of a *pro se* plaintiff's pleadings,

12  "*pro se* litigants in the ordinary civil case should not be treated more favorably than

13  parties with counsel of record."[9]  Most importantly, "*pro se* litigants are [still] bound by

14  the rules of procedure."[10]  Here, Mr. Conner has failed to comply with two court orders.

15       Federal Rule of Civil Procedure 16 states that "[o]n motion or on its own, the

16  court may issue any just orders, including [sanctions] authorized by Rule

17  37(b)(2)(A)(ii)–(vii), if a party . . . fails to obey a scheduling or other pretrial order."[11]

18  Rule 37(b)(2)(A)(v) contemplates "dismissing the action or proceeding in whole or in

19  part."[12]

20       Five factors bear on whether a case should be dismissed as a sanction: "(1) the

21  public's interest in expeditious resolution of litigation; (2) the court's need to manage its

22

23  [7]*Id.*

24  [8]*King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

25  [9]*Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

26  [10]*King*, 814 F.2d at 567.

27  [11]Fed. R. Civ. P. 16(f)(1)(C).

28  [12]Fed. R. Civ. P. 37(b)(2)(A)(v).

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."[13]

With respect to the first factor, the Ninth Circuit has recognized that "the public's interest in expeditious resolution of litigation always favors dismissal."[14]  The present situation is no different, and the first factor strongly favors dismissal.  The second factor also strongly favors dismissal: the court is faced with the prospect of devoting considerable judicial resources to a trial in which the plaintiff has no witnesses.  Dismissal would also eliminate the risk of prejudice to defendants because defendants would no longer be required to attend a trial in which plaintiff calls no witnesses.  The third factor therefore strongly favors dismissal.  It is unclear how the fourth factor could ever weigh in favor of dismissal, however, here, the weight of the public policy in favor of resolving disputes on their merits is severely undermined by plaintiff's failure to file a witness list.  Finally, while less drastic alternatives are available, the court concludes that they would be futile.  The court's scheduling order was clear–witness lists were due on February 13, 2012.  Several weeks after that deadline passed, the court explicitly stated that dismissal would be strongly considered if plaintiff did not show cause, because he would be unable to make a case at trial.  Mr. Conner did not comply with the court's order.

---

[13] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotations omitted).

[14] *Id.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.  CONCLUSION

For the reasons above, pursuant to Federal Rule of Civil Procedure 16(f)(1)(C), plaintiff's remaining claims are **DISMISSED** with prejudice for failing to comply with the orders at dockets 118 and 143.  The final pre-trial conference and trial set for April 23, 2012, are hereby **VACATED**.

DATED this 30th day of March 2012.

_____/s/_____
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE